**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF KENTUCKY**

**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:18-CV-734-GNS-CHL**


**UNITED STATES OF AMERICA,**                                                **Plaintiff,**

**v.**

**CURTIS GORDON, JR.,**                                                       **Defendant.**


<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is a Motion to Reopen Discovery (DN 52) filed by defendant, Curtis

Gordon, Jr. ("Defendant").  Plaintiff, United States of America ("Plaintiff") filed a response (DN

53) to which Defendant filed a reply (DN 54).  Therefore, the Motion is ripe for review.

For the reasons set forth below, the Motion is **DENIED.**

**I. BACKGROUND**

In November 2018, Plaintiff, at the request of the Chief Counsel of the Internal Revenue

Service ("IRS"), a delegate of the Secretary of the Treasury, and at the direction of the Attorney

General of the United States, commenced this action for the collection of federal income tax and

civil fraud penalties assessed against Defendant for the 2003 through 2005 tax years.  (DN 1.)

On April 23, 2019, the Court held a telephonic scheduling conference with the Parties to

discuss their proposed litigation plan pursuant to Rule 16 of the Federal Rules of Civil

1

Procedure.  Following that conference, on April 29, 2019 this Court ordered that fact discovery shall be completed no later than February 1, 2020.  (DN 17.)

On November 8, 2019, the Court held another telephonic status conference with the Parties.  (DN 30.)  At this conference, Plaintiff stated that due to its pending motion to dismiss Defendant's counterclaims for lack of jurisdiction (DN 24) and the expected discovery disputes regarding the counterclaims, an extension of time for fact discovery would likely be necessary. (DN 30, at PageID # 173.)  Defendant agreed and requested the fact discovery deadline be extended by sixty days in order to take numerous IRS employee depositions.  (*Id.*)  The Court granted the request, extending the fact discovery deadline from February 1, 2020 to April 1, 2020.  (*Id.*)

On May 29, 2020, Plaintiff filed a motion for summary judgement.  (DN 37.)  On June 19, 2020, pursuant to LR 7.1(b), Defendant filed a motion for enlargement of time by thirty days within which to file a response to Plaintiff's motion for summary judgement, citing staffing issues related to COVID-19.  (DN 39.)  Plaintiff did not oppose the motion and on July 6, 2020, the Court granted the motion.  (DN 42.)  Defendant was ordered to file his response to Plaintiff's motion for summary judgement on or before July 20, 2020.  (*Id.* at PageID # 318.)  On July 17, 2020, due to the hospitalization of Defendant's counsel, the deadline for Defendant to file his response to the motion for summary judgment was held in abeyance until further notice.  (DN 43.)

On September 28, 2020, the Court held another telephonic status conference with the Parties.  (DN 46.)  During this conference, Plaintiff indicated it believed the only necessary next step in this action was to reset the briefing deadlines on the pending motion for summary judgment.  (*Id.,* at PageId # 324.)  Defendant indicated that he believed additional limited

2

discovery was necessary prior to being able to file a response to that motion, which the Plaintiff opposed. (*Id*.)  After consideration, the Court ordered that Defendant could file a motion to reopen discovery on or before October 28, 2020. (*Id*.)

On October 28, 2020, Defendant requested that his deadline to file the motion to reopen discovery be extended by sixty days. (DN 50.)  Plaintiff did not oppose the motion, and pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the Court granted the motion, ordering that on or before January 5, 2021 the Defendant could file a motion to reopen discovery. (DN 51.)  Subsequently, Defendant filed the instant motion to reopen discovery on January 5, 2021.

## II.    LEGAL STANDARD UNDER RULE 56(d)

Under Rule 56(a) of the Federal Rules of Civil Procedure, a plaintiff or defendant "may move for summary judgement, identifying each claim or defense .  .  .  on which summary judgement is sought. The court shall grant summary judgement if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a).

Under Rule 56(d) of the Federal Rules of Civil Procedure ("Rule 56(d)"), the Court may adjourn the motion for summary judgement for further discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(2).  This authority considers the drastic nature of granting summary judgement by allowing the Court to ensure that it "affords the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995) (citations omitted).  Thus, while there is little room to deny summary judgement on a movant's showing that there are no triable issues of fact, Rule

56(d) offers the Court broad discretion to grant or deny additional time before ruling on summary judgement so long as its decision is not "arbitrary, unjustifiable, or clearly unreasonable." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014).

In considering a Rule 56(d) motion, district courts within the Sixth Circuit weigh five factors:

> (1) when the [affiant] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling [on summary judgement]; (3) how long the discovery period had lasted; (4) whether the [affiant] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgement] was responsive to discovery requests.

*Doe v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019) (quoting *Plott*, 71 F.3d at 1196-97).

### III. DISCUSSION

As set forth below, the Court finds that Defendant has not met its burden under Rule 56(d) and therefore is not entitled to adjournment of Plaintiff's summary judgement motion for further discovery.

### a. Defendant's Affidavit

As an initial matter, the Motion meets all formal requirements imposed by Rule 56(d). Rule 56(d) requires the nonmovant to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).  The Sixth Circuit has interpreted this to mean that an affidavit must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Doe*, 928 F.3d at 490.

Defendant has set forth in his affidavit the specific information he needs to discover in order to effectively oppose Plaintiff's motion for summary judgement and requests for relief. (*See* DN 52, at PageID # 358-59.)  Specifically, Defendant seeks to depose two IRS employees and discover the following information:

> a. Based on the exhibits the IRS filed in support of its summary judgement motion, Janice Williams is the IRS Accounting Operations Manager who prepared the "Certificate of Assessments, Payments, and Other Specified Matters" (the "accounting reports") for tax years 2003, 2004, and 2005…Williams will be able to testify about how the IRS calculated the underlying liabilities, including whether the IRS assessed those liabilities based on the amended returns that Mr. Gordon never signed nor filed.  Williams will also be able to confirm that the IRS never gave Mr. Gordon notice that he owed liabilities.  This testimony will allow Mr. Gordon to rebut the IRS' calculation of his tax liabilities.

> b. Jonathan Morris is an IRS Revenue Officer who was in charge of Mr. Gordon's tax case prior to the initiation of this collection action.  On February 21, 2018, Mr. Gordon met with Morris to discuss his tax liabilities for the subject tax years. During that meeting, Morris stated that he did not believe that Mr. Gordon signed the tax returns that the IRS used to calculate the underlying liabilities.  Morris' testimony will further support Mr. Gordon's position that the IRS assessed the underlying liabilities based on amended returns that he neither signed nor filed. Such testimony will allow Mr. Gordon to rebut the IRS' calculation of those liabilities.

(DN 52, at PageID # 358-59.)

The Court does not agree with Plaintiff's assertion that Defendant's affidavit is "deficient because it fails to explain the specified reasons Gordon did not take the depositions during discovery."  (DN 53, at PageID # 365.)  Instead, the Court finds that Defendant clearly describes the discovery sought and specifically articulates the bases for that discovery.  (*See generally id.,* DN 52, at PageID # 358-59.)  Plaintiff's assertion that the affidavit is "deficient" due to a failure to specify why he did not take the depositions within the allotted discovery period is better addressed under *Plott* factor three, when the diligence (or lack thereof) of defendant's efforts to

obtain the discovery is analyzed.  Accordingly, the Court finds that Defendant has satisfied the formal requirements of Rule 56(d).

### b. Discovery at Issue and the *Plott* Factors

The Court now applies the five *Plott* factors to the discovery Defendant seeks to determine whether Defendant is entitled to Rule 56(d) relief.

#### i. Timeliness and Diligence

The Sixth Circuit has repeatedly affirmed that in weighing the *Plott* factors, the "main inquiry is 'whether the moving party is diligent in pursuing discovery.'"  *Doe v. City of Memphis*, 928 F.3d 481, 491-92 (6th Cir. 2019) (citing *E.M.A. Nationwide, Inc.*, 767 F.3d at 623).  This is evident in the fact that "three of the five *Plott* factors implicate the movant's diligence throughout discovery: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) how long the discovery period has lasted; and (3) whether the party seeking discovery was dilatory in its discovery efforts."  *Lupo v. Willis Law Firm, LLC*, No. 2:20-CV-1073, 2020 WL 6044084, at *4 (S.D. Ohio Oct. 13, 2020) (citation omitted).

##### 1. When Defendant Learned of Subject of Discovery

Defendant seeks to depose two IRS employees: Janice Williams and Jonathan Morris. (DN 52, at PageID # 341.)  Ms. Williams is the IRS Accounting Operations Manager who prepared the accounting reports the IRS filed in support of its assessment of the underlying liabilities at issue in this case.  (*Id.*)  Plaintiff laid out the exact amounts of assessments it seeks to collect in this action in its amended complaint filed in August 2019.  (DN 54, at PageID # 383; DN 21, at PageID # 108.)  Defendant claims since the amended complaint was "not verified and

does not include any exhibits, affidavits, or other documents constituting evidence . . .  he was not fully aware of his need to take discovery regarding the IRS' calculations until the IRS filed its summary judgement motion." (DN 54, at PageID # 383.)  This argument is not persuasive. The motion for summary judgement includes an accounting report prepared by Ms. Williams documenting the same calculated assessments as those included in Plaintiff's amended complaint.  (DN 37-1, at PageID # 212; DN 21, at PageID # 108.)  Although Defendant may not have known Ms. Williams was the IRS employee who prepared the assessments until Plaintiff's motion for summary judgment, Defendant was aware of the assessments that the IRS was relying on when the amended complaint was filed in August 2019.  Defendant was on notice of the assessments being sought against him and could have inquired how those assessments were prepared through discovery requests.  In addition, Defendant has claimed since the start of this litigation that the assessments were calculated incorrectly.  (DN 8, at PageID # 20.)  For these reasons, the Court finds it hard to believe Defendant was unaware of a need to take discovery concerning how the assessments were calculated when it has been his position since the beginning of this litigation that they were calculated incorrectly.

Furthermore, in a status conference on November 8, 2019, Plaintiff stated that it believed extended discovery would be necessary considering the amended complaint and counterclaims. (DN 30).  Defendant agreed and requested the discovery deadline be extended by 60 days in order to take numerous IRS employee depositions in light of the amended complaint.  (*Id.*) Although at this time Defendant did not directly name Ms. Williams as one of the employees he wished to depose, this conference took place nearly three months after the amended complaint was filed.  The Court granted the request, giving Defendant an additional two months to depose IRS employees, including Ms. Williams, during which he did not do so.

Defendant also seeks to depose IRS Revenue Officer, Jonathan Morris.  Defendant states that Mr. Morris was in charge of Defendant's tax case prior to the initiation of this collection action.  (DN 52, at PageID # 359.)  According to Defendant, on February 21, 2018, he met with Morris to discuss his tax liabilities for the subject tax years and during that meeting, Mr. Morris stated that he did not believe that Defendant signed the tax returns that the IRS used to calculate the underlying liabilities.  (*Id*.)  In Defendant's Answer to Plaintiff's initial Complaint filed January 8, 2019, Defendant asserted that the 2003, 2004, and 2005 income tax returns "were not filed returns but appear to have been either non-returns or fraudulent returns delivered to the IRS by someone other than" Defendant himself.  (DN 8, PageID # 19.)  Therefore, the testimony Defendant hopes to elicit from Mr. Morris concerns information he has known about since the very start of this litigation.

Because Defendant has been aware of the subject of discovery he wished to elicit from Ms. Williams since August 2019 and from Mr. Morris since the start of this litigation when he answered the complaint in January 2019, the Court finds this factor weighs against granting the motion.

### 2. Length of Discovery

Initially, the time for discovery set forth in the scheduling order at DN 17 issued on April 29, 2019 was to be completed by February 1, 2020.  Following the status conference held on November 8, 2019, that discovery deadline was extended to April 1, 2020 to provide both parties with more time to complete discovery in light of Plaintiff's amended complaint filed in August 2019.  (DN 30.)  Plaintiff filed its motion for summary judgement on May 29, 2020, nearly two months after the April 1, 2020 discovery deadline.  (DN 37.)

The Sixth Circuit has ruled that a discovery period as short as five months was ample time for discovery. *Prewitt v. Hamline University*, 764 Fed. App'x. 524, 532-33 (6th Cir. 2019) (finding a five-month discovery period reasonable). *See Jordan v. Detroit*, 557 F. App'x 450, 456 (6th Cir. 2014) (finding a seven-month discovery period reasonable). The discovery period in this case was one full year, stretching from April 2019 to April 2020, which includes a two-month extension granted in order to provide more time for Defendant to hold depositions of IRS employees. Defendant had five months from the November 2019 status conference to complete the depositions before the April 1, 2020 discovery deadline. Nowhere in the affidavit or supporting memorandum does Defendant explain why he did not attempt to depose Mr. Morris or Ms. Williams during those five months other than he "was not fully aware of his need to take discovery regarding the IRS' calculations until the IRS filed its summary judgement motion." (DN 54, at PageID # 382-83.) This argument is not persuasive. As discussed *supra*, from the start of litigation, defendant has claimed that the calculations were incorrect and based on "fraudulent" income tax filings. He has known of the discoverable information Mr. Morris had since 2018 and of how the calculations were done since August 2019, well before the April 1, 2020 discovery deadline. For these reasons, the Court finds this factor weighs against granting the motion.

### 3. Whether Defendant was Dilatory in His Discovery Efforts

In an effort to excuse any appearance of dilatory efforts in obtaining discovery, Defendant cites to a prior finding within this Court that "a party's diligence (or lack thereof) in pursuing discovery is not a basis to deny a request for additional discovery – at least not when the realties of the case provide an explanation for the party's delay." *Allison v. Staples the Office Superstore E., Inc.*, No 1:13-CV-00190-GNS, 2015 WL 3849989 (W.D. Ky. June 22, 2015). In

*Allison*, the Court recognized that "the practice of law does not occur in a vacuum and the reality of legal practice must be considered." *Id.* at 2. In that case, the Court considered that the record clearly demonstrated that the plaintiff "had been attempting to schedule depositions and conduct discovery with a number of witnesses located across a wide geographic area." *Id.*

That is not the case here. Nowhere in the record, the affidavit, or the supporting memorandum does Defendant explain specifically why he has not deposed Ms. Williams and Mr. Morris. There is no mention of scheduling difficulties, inability to reach either party, issues with distance and travel, or anything of the like. He just simply states that discovery needs to be extended, again, in order to depose these two individuals. (*See generally* DN 52-3.) Sixth Circuit precedent requires more from Defendant to show this court why discovery could not happen during the discovery period. Defendant must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, *and why it has not previously discovered the information*." *Doe*, 928 F.3d 481, 490 (6th Cir. 2019) (emphasis added).

Defendant claims that any purported lack of diligence is due to the realities of his case. These "realties", according to Defendant, are that it is a complex case, permitting more discovery will not prejudice the IRS, and that it not his fault the discovery he seeks has not yet been taken. (DN 54, at PageID # 382.) Even if true, without knowing why Defendant could not schedule these depositions, the Court cannot say that he was in fact diligent in obtaining the discovery in question, which is the main requirement under Rule 56(d). *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472,478 (6th 2010) ("The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery."). Therefore, the Court finds this factor weighs against granting the motion.

ii.     **Relevance of Discovery at Issue & Plaintiff's Responsiveness to Discovery Requests**

The Court need only briefly address the remaining factors because "the main inquiry is whether the moving party was diligent in pursing discovery." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014) (quoting *Dowling v. Cleveland Clinic Fund.*, 593 F.3d 472, 478 (6th Cir. 2010); *See also Doe v. City of Memphis*, 929 F.3d 481,490 (6th Cir. 2019) ("A motion requesting time for additional discovery should be granted almost as a matter of course *unless* the non-moving party has not diligently pursued discovery of the evidence.") (emphasis added).

The Sixth Circuit has recognized that "the party opposing a motion for summary judgement . . . possesses no absolute right to additional time for discovery under Rule 56" and in light of that "a district court does not abuse its discretion in denying discovery when the discovery would be irrelevant to the underlying issue to be decided." *Doe*, 928 F.3d at 490.

The Court cannot state with certainty what evidence will be dispositive during summary judgment.  However, the discovery Defendant seeks is certainly relevant to the amount of liabilities assessed against, and potentially owed by, Defendant.  (*See* DN 52, at PageID # 358-59 (describing discovery sought)); (DN 52, at PageID # 351-53) (explaining how discovery sought is relevant to Defendant's claim that the assessments were not calculated correctly and based on amended returns not signed by him).)  Given the reasons proffered by Defendant and the relatively low bar to establish relevance, the Court finds that this factor weights in favor of granting the Motion.

Turning to Plaintiff's responsiveness to discovery requests, the Plaintiff claims that Defendant did not serve any discovery requests, either formal or informal, on the United States. (DN 53, at PageID # 376.)  Defendant neither addresses the issue or rebuts Plaintiff's claim in his motion or reply brief.  Therefore, the Court finds that this factor weighs neutrally or in favor of denying the Motion.

**IV. ORDER**

For the foregoing reasons, the Court finds adjournment of Plaintiff's motion for summary judgement at DN 37 pending further discovery is not warranted.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion at DN 52 is **DENIED**. Defendant shall file a response to Plaintiff's motion at DN 37 on or before **May 7, 2021.**

Colin H Lindsay, Magistrate Judge
United States District Court

April 7, 2021
cc:   Counsel of record

12